■ NANCY BRADFORD, Respondent, v BRUCE ZABLOW et al., Defendants, and RAJ MURALI, Appellant. [744 NYS2d 15] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered April 10, 2001, which, to the extent appealed from, denied in part the motion of defendant Raj Murali for summary judgment dismissing the complaint as against him, unanimously affirmed, without costs.

Plaintiff alleges that she became totally blind in her right eye due, in substantial measure, to defendant Dr. Murali's failure to diagnose correctly, and timely treat, an expanding arterial aneurysm. Although Dr. Murali met his initial burden as a summary judgment movant (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853) by submitting a detailed affidavit by a medical expert demonstrating, prima facie, that his treatment of plaintiff's condition had been appropriate under the circumstances, the responding affirmation of plaintiff's expert was adequate to raise material and triable issues of fact (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325), inter alia, as to whether Dr. Murali competently concluded that plaintiff's aneurysm was sufficiently stable that immediate surgical intervention was unnecessary and that the preferred course of treatment was instead to perform further diagnostic and investigatory tests and procedures. Contrary to appellant's contention, plaintiff's expert adequately differentiated between the conduct of appellant and the other physician sued.

We have reviewed appellant's remaining contentions and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Rosenberger and Marlow, JJ.